IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. 7:21-CR-00603 |
| DAISY SUPRISE | § | |

## DEFENDANTS' JOINT OBJECTION
## TO CASE BEING CERTIFIED AS COMPLEX

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Daisy Surprise, Defendant herein, by and through her attorney of record, and files this Joint Objection to Case Being Certified as Complex. In connection with this instrument, Defendant would show unto this Honorable Court as follows:

CASE HISTORY

1. On February 22, 2021, a Criminal Complaint was filed alleging a violation of Title 18 U.S.C. 1956(h) by Maria Estela Suprise and Yolanda Pena. The complaint described alleged four overt acts between February 9, 2018 and August 2, 2018. (Doc. 1) The same further describes the conduct of four individuals who were arrested, indicted and convicted for a controlled delivery of simulated narcotics in exchange for cash. The cash from the narcotics transaction was subsequently delivered, in part, to Maria Estela Suprise and Yolanda Pena at South Tex Beauty and Barber Supply, who were arrested onn February 23, 2021.

2. On February 25, 2021, a Rule 5(f) Brady Order was issued. (Doc. 18)

3. On March 1, 2021, a Criminal Complaint was filed alleging a violation of Title 18 U.S.C. 1956(h) by Daisy Suprise.  (Doc. 23) After the February 23, 2021 arrest of Maria Estela Suprise and Yolanda Pena, the Government contends it located "several messages" in alleged consent searches indicating "large amounts" of money "was being stored in D. SUPRISE's office," not indicating who stored the money, where in the office the money was stored and why said conduct was allegedly criminal and not normal business receipts.

4. On March 15, 2021, the bond hearing for Daisy Suprise was held before U.S. Magistrate Juan Alaniz.  At such hearing, testimony identifying evidence in possession of the Government was outlined by DEA Special Agent Mariah Yates.  The transcript from such hearing is attached hereto as Exhibit A and outlines physical evidence, photographs, audio/video recordings, accounting records and forensic accounting. (Exhibit A, Videotape p.16, Warrants and seizures, money orders p.17, $9,000,000.00 in cash per year for several years p.18, an envelope p.19, cash p.20, analysis for South Tex Beauty p.21, tax returns p.22.)

5. On March 23, 2021, the indictment against the three above-named Defendants alleging a conspiracy to engage in money laundering and illegal structuring to avoid federal reporting requirements in violation of Title 18, U.S.C., Sections 1956(a)(1)(B)(i) and (ii) and (h).

6. On March 24, 2021, a sealed Criminal Complaint was filed alleging violations of 18 U.S.C. 1956(h) by Francisco Dominguez-Bermudez.

7. On March 26, 2021, the Court issued scheduling orders (Doc.'s 59-61) setting motions deadlines for Apriil 8, 2021, Government response deadlines by April 28, 2021, continuance deadline for May 24, 2021, final pretrial for June 7, 2021 and jury selection for June 8, 2021. Defendants have complied with the deadlines. The Government has not responded to any defense motions and did not file a timely motion for continuance. The Court further issued another Rule 5(f) Brady Order concerning Francisco Dominguez-Bermudez.(Doc. 53)

8. On April 20, 2021, a superseding indictment was issued in this cause alleging a conspiracy between all four (4) defendants to engage in money laundering and engage in structuring financial transactions to avoid federal reporting requirements concerning currency.  (Doc. 100) Notices setting arraignments were issued this date.

9. On April 26, 2021, a scheduling order (Doc. 114)was issued concerning Francisco Dominguez-Bermudez and matters to be heard on the dates set for the other three defendants.

10. On June 3, 2021, Defendant filed a joint Motion to Compel Discovery. (Doc.146)

11. On June 7, 2021, the parties appeared for the scheduled pretrial hearing with jury selection set for June 8, 2021.  Prior to the hearing, the Government filed its motion asking the Court to to certify this case as complex.  (Doc. 147) The Court has scheduled a pretrial hearing for June 16, 2021 to consider the

Government's motion and the discovery motions which have been filed by the defendants in this matter. This pleading is timely filed per Court Order.

## APPLICABLE LAW

12. The Sixth Amendment of the U.S. Constitution and the Speedy Trial Act of 1974 protect a criminal defendant's right to a speedy trial. As a general rule, the Speedy Trial Act (18 U.S. Code, Sections 3161, et seq.) requires the trial of a criminal case to begin within 70 days of the filing of an indictment.

13. The Government seeks complex certification pursuant to Title 18, U.S.Code, Section 3161(h)(7)(B)(ii) which balances a defendant's Constitutional speedy trial rights with the following considerations:

" (B) The factors, among others, which a judge shall consider in determining whether to grant a ccontinuance under subparagraph (A) of this paragraph in any case are as follows:

(ii) Whether the case is so unusual or so complex, due to the **number** of defendants, the nature of the prosecution, or the existence of **novel questions** of fact or law, that it is unreasonable to expect adeguate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." (emphasis added)

## ARGUMENT

14. Each Defendant in this matter has asserted their right to a speedy trial and no continuance is being requested. Unless a legitimate exception can be established by the Government, each defendant's right to a speedy trial should be respected and a speedy trial scheduled.

15. Each Defendant in this matter has attempted to secure discovery. Despite the *Brady* orders signed by the Court and despite the scheduling orders issued, the Government withheld all discovery until each defendant filed motions for discovery. As outlined in different motions, the defendants have been asking for very specific *Brady* and *Giglio* materials and items that are required by Rule 16 of the Federal Rules of Criminal Procedure. Despite most of the evidence being accumulated and analyzed prior to the indictment, minimal discovery of import has been provided. The latest USAFX discovery download was provided June 10, 2021 and contains material that is not connected to South Tex Beauty and Barber Supply. The thirty (30) 25 gigabyte BlueRay disks delivered to the Government on June 7, 2021 have not been returned to counsel with discovery the Government received prior to June 7, 2021. While the Government has completed specific forensic accounting prior to indictment, no accounting has been delivered to defense counsel. While Title III affidavits reference different evidence, such evidence has not been provided. While discovery was tendered to defense counsel in the Dallas prosecution of four individuals, such discovery has not been tendered to defense counsel in this cause. While the Government analyzed banking records for 2013 through 2020, such banking and tax records or the analysis have not been delivered to defense counsel. The Government must prove drug offenses were committed and funds were generated from the same; yet, only the Dallas controlled delivery has been disclosd to defendants' attorneys. Instead, heavily redacted and delayed discovery

materials have been delivered.   Such conduct violates the mandates of *Brady, Giglio*, Rule 16 and the Court's scheduling orders.  Such conduct is an intentional violation of defendants' rights to a speedy trial, noting that it is clear. Government law enforcement agents are tendering limited materials to the U.S. attoryney's office for prosecution, noting that it is clear Government law enforcement agents are tendering limited materials to the U.S. attorneys office for prosecution.

16. The Government has suggested that this matter should be designated complex.   To support such request, the Government submits that the case involves "unusually voluminous and complex evidence," complicated, that transactions between September, 2013 to March 23, 2021 from multiple jurisdictions are involved, that the allegations are complicated and that at least eighty (80) witnesses will be called in Government's case in chief.   Such arguments are without weight for numerous reasons:

    a.    The allegations are simple and not complex or novel.  Only four (4) defendants are accused of money laundering and structuring transactions attempting to evade federal reporting requirements for financial transactions. This matter does not involve a ten count indictment with different violations of law.

    b.    The number of defendants is small.    Only four individuals have been indicted.   This court has tried many cases with more defendants when the cases were not designated as complex.

    c.    While the Government has suggested to the Court that numerous areas of the country are involved and corresponding witness testimony is required for the Government to prove its case, the stated background of the allegations in tendered discovery thus far suggests the contrary.

        i.    Defendant Francisco Dominguez-Bermudez has allegedly engaged in drug trafficking, secured profits from such activity and used drug proceeds to buy barber and beauty supplies in order to launder the money. The Government has yet to deliver any discovery demonstrating any illegal activity by Defendant Francisco Dominguez-Bermudez.

        ii.    The second source of monies to be laundered involve the "Marron" drug trafficking organization. A controlled delivery in Dallas of narcotics allegedly led to cash being delivered to South Tex Beauty and Barber Supply to purchase barber and beauty supplies. It has been suggested that the delivery involved the "Marron" drug trafficking organization, but no evidence establishing the allegation has been produced yet. The same is true of a second purchase of barber and beauty supplies. Assuming such a connection exists, defendants are left to assume such organization sold narcotics in different areas and money was sent to South Tex Beauty and Barber Supply from different locations. As the discovery disputes surround the Government not tendering such evidence, a more precise analysis is impossible.

  iii. Defendants have only been advised of two South Tex Beauty and Barber Supply customers who are alleged drug traffickers.  Hence, Even the number of unindicted co-conspirators is small.

  iv.  Given the above, there is no factual complexity to this case and there are no known novel questions of law.  It must be assumed the Government can identify a drug transaction and the proceeds therefrom. Because no discovery verifying the allegations has been provided, it must also be assumed the Government contends the proceeds can be traced to purchases at South Tex Beauty and Barber Supply.  And finally, it must be assumed the Government has at lease one witness to indicate the defendants had conversations with third persons about illegal activity.(recordings with drug traffickers, telephone calls with undercover agents, body camera recordings with confidential sources, etc.) No logical complexity exists in this prosecution.

  v.  Moreover, as Exhibit A reflects, the Government analyst has examined the bank records and reached her conclusions about the amount of money involved and specific transactions involving narcotics proceeds being used to make purchases. Such summary testimony is simple from a testimonial perspective.  The Government suggests it needs 80 witnesses to testify. If history is any indication and the Government pleading is correct, many of the Government witnesses are predicate witnesses that will not testify for extended periods; e.g.  custodians of records, company employees, single-fact witnesses, bank employees and identification witnesses.  Such

witnesses provide brief and simple testimony on direct examination and cross-examination.

d.      Defendants would submit to the Court that the Government is delaying discovery and attempting to deny defendants a speedy trial for improper reasons. The Government has tendered discovery identifying two witnesses: UC1 and UC2. Per documents tendered, UC1 is an illegal alien who had pending charges. Upon agreeing to assist the Government, the charges were dropped. UC1 must undoubtedly testify about the narcotics transactions. UC2 is a resident alien who also assisted the Government in its investigation. Each individual has been compensated financially and via immigration benefits In connection with the services rendered.

In the most recent court appearance and via its motion to declare the case complex, the Government has confirmed this is an "ongoing investigation." A delay of this trial serves the improper purpose of permitting UC1 and UC2 to continue their undercover operations at the expense of the demanded speedy trial rights. Had the Government desired to continue using confidential information, the Government could have delayed the indictments. Instead, the Government indicted four individuals with the intent to unconstitutunally delay their trial. While the Government needs the b undercover operatives to testify about narcotics transactions, defendants submit such witness have testimony beneficial to each defendant and each undercover operative is needed for a speedy and fair trial. Moreover, pays 21- 23 of Exhibit A confirm the Government has still not analyzed

all available information in its prosecution. Allowing the Government to continue an ongoing investigation and allowing the Government to prepare to prosecute a historically old case are not grounds satisfying Title 18 U.S.C, Section 3161(h)(7)(B)(ii).

## JOINT OBJECTION

Counsel for Daisy Suprise has conferred with attorneys Heriberto "Eddie" Medrano, Rey Merino and David Gaona.  Each attorney joins in this objection on behalf of his respective client.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be in all things granted.

                              Respectfully submitted,

                              **DUARTE &  MOLINA, P.C.**
                              2200 Warner Ave.
                              San Antonio, Texas 78201
                              (210) 737-6676   Telephone
                              (210) 733-6181   Facsimile
                              Email: dduarte@duartemolinalaw.com

                              **ATTORNEYS FOR DAISY SUPRISE**

                     By:    /S/ Demetrio Duarte, Jr.
                              **DEMETRIO DUARTE, JR.**
                              State Bar No.  06144125
                              Federal Id No. 2632

Law Offices of Heriberto 'Eddie' Medrano
2009 E. Harrison – Suite B
Harlingen, Texas 78550
Telephone: (956) 428-2412
Facsimile:   (956) 428-2495
Email: edmedrano@mac.com


By:     */s/ Heriberto Medrano*
        Heriberto 'Eddie' Medrano
        **Attorney for Maria Estela Suprise**
        State Bar No. 13897800
        Federal Bar No. 5952



David R. Gorena
420 W. University Dr.
Edinburg, Texas 78539
Telephone: (956) 381-5605
Email: drgorena15@gmail.com

By:     */s/ David R. Gorena*
        David R. Gorena
        **Attorney for Yolanda Pena**
        State Bar # 08214400
        Federal Bar No. 1585



Reynaldo M. Merino
1012  Martin, Suite B
McAllen, Texas 78504
Telephone: (956) 630-2000
Facsimile:   (956) 618-2800
Email: reymerino@msn.com


By:     */s/ Reynaldo M. Merino*
        Reynaldo M. Merino
        **Attorney for Francisco Dominguez-Bermudez**
        State Bar No. 13953250
        Federal Bar No. 19865

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this instrument was electronically filed with the Clerk of the Court using the CM/ECF filing system which will transmit notification of same to all proper parties on this date.

/s/ Demetrio Duarte, Jr.
Demetrio Duarte, Jr.